IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:03CR290 |
| | ) | |
| v. | ) | |
| | ) | |
| STERLING McKOY, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant Sterling McKoy's (hereinafter "defendant") motion for modification of sentence pursuant to Title 18, U.S.C. § 3582(c)(2) (Filing No. 442). Under § 3582(c)(2), defendant seeks a modification of his term of imprisonment as a result of an intervening post-sentencing change in the United States Sentencing Guidelines ("Sentencing Guidelines"). Specifically, defendant seeks modification pursuant to Amendment 706, which sets base offense levels for crack quantities triggering the five- and ten-year mandatory minimums two levels lower. Eighth Circuit precedent forecloses defendant's argument, and he is therefore not entitled to retroactive application of Amendment 706 to the Sentencing Guidelines.

On June 18, 2003, defendant was named in a one-count indictment charging him and two of his co-defendants with conspiracy to distribute 50 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. § 846. On December 17, 2004, after a jury found defendant guilty of the conspiracy count, defendant appeared before this Court for sentencing.

Defendant was sentenced to a term of 348 months imprisonment. On March 1, 2005, the Eighth Circuit reversed defendant's sentence and remanded to this Court for resentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005). On April 1, 2005, defendant was resentenced by this Court to a term of 300 months imprisonment.

On November 1, 2010, amendments to the Sentencing Guidelines became effective to apply to all offenders sentenced after that date. *See* 18 U.S.C. § 3553(a)(4)(ii) (sentencing courts must consider the guidelines that "are in effect on the date the defendant is sentenced"). Defendant now urges this Court to retroactively apply Amendment 706 to his case for a possible sentence reduction. The Eighth Circuit has held, however, that these amendments to the Sentencing Guidelines are not retroactive. *See United States v. Orr*, No. 09-3644, 2011 WL 722405, at *12 (8th Cir. Mar. 3, 2011) ("Thus, as we have previously recognized, Congress expressed no desire in the [amendments to the sentencing guidelines] that [they] be applied retroactively, and consequently the federal Savings Statute clearly forecloses [defendant's] argument for retroactive application.")

Accordingly, defendant's motion for modification of sentence will be denied. A separate order will be entered in accordance with this memorandum opinion.

DATED this 16th day of March, 2011.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court