IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:03CR290 |
| v. | |
| STERLING MCKOY, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Sterling McKoy's ("McKoy") pro se "Motion to Reconsider Denial of § 3582(c)(2) Motion" (Filing No. 578).[1] McKoy asks the Court to vacate its March 11, 2020, Order (Filing No. 569) denying McKoy's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 (Filing No. 556). As McKoy sees it, the Court (1) "misapprehended the scope of the existing record," (2) "misunderstood his arguments," (3) "failed to address several" others, and (4) "misinterpreted the law in relation to several of [his] claims."

The Court has carefully considered McKoy's arguments, the cases he cites, and the record in this case. McKoy's arguments are thorough and well-made—just as they were with respect to his original motion. But they fail to persuade the Court that it erred in denying his motion to reduce his sentence. As the Court finds no material errors in its prior judgment, McKoy's motion to reconsider is denied.

IT IS SO ORDERED.

---

[1]McKoy does not specify a statutory or procedural basis for his "motion to reconsider." To the extent McKoy intends to rely in some way on Federal Rule of Civil Procedure 59(e), the Court notes the Eighth Circuit has so far declined to "decide whether to import the civil motion for reconsideration standard into the criminal context." *United States v. Luger*, 837 F.3d 870, 875-76 (8th Cir. 2016) (noting that in civil cases, a motion to reconsider serves the limited purposes of correcting manifest factual or legal errors and presenting newly discovered evidence).

2

Dated this 14th day of July 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

2