IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

v.

STERLING MCKOY,

Defendant.

**8:03CR290**

**ORDER**

This matter is before the Court on defendant Sterling McKoy's ("McKoy") pro se Motion for Imposition of Reduced Sentence (Filing No. 587) pursuant to Section 404 of the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). In a brief filed December 30, 2020 (Filing No. 591), the government concedes McKoy "is eligible for consideration of a [sentence] reduction" but contends he should not get one because his Revised Presentence Investigation Report "attributed 100.06 kilograms of cocaine base to" McKoy and his "sentencing range remains 360 months to life."[1]

The government's stated position in this case seems—at least in some respects—to be inconsistent with the significant changes it has recently made in its interpretation and application of the First Step Act in other cases before the Court. *See United States v. Butler*, No. 8:92CR14, 2021 WL 366108, at *3 (D. Neb. Feb. 3, 2021) (noting drastic changes in the government's interpretation of the First Step Act and how it applie[d] to Butler," including the concession that Butler should get the benefit of post-sentencing changes in the law following *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and *Alleyne v. United States*, 570 U.S. 99, 116 (2013)). On March 12, 2021, the government advised the Court

---

[1]Later in its brief, which appears to draw heavily from an earlier brief (Filing No. 561) filed in opposition to McKoy's motion to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines (Filing No. 556), the government enigmatically states McKoy's motion should be denied because he is "not eligible for a sentence reduction pursuant to Amendment 782 or the [First Step Act]."

in Butler's case that it had changed its position on eligibility because the Department of Justice had "modified its guidance concerning eligibility for a sentence reduction." Fully conceding Butler's and his codefendant's eligibility for substantial reductions, the government based its analysis on a drug quantity (and resulting sentencing range) for each defendant that was limited to the quantity charged in the indictment and found by the jury. In other words, in *Butler*, the government ultimately abandoned its previously steadfast reliance on the drug quantities in the presentence investigation reports and attributed to each defendant by the sentencing judge.

To make sure the Court fully understands the government's current position on these important issues as they relate to McKoy's motion and sentence, the Court will order the government to supplement its nearly five-month-old brief. McKoy will then have an opportunity to respond.

Although McKoy has represented himself exceptionally well in this matter, he obviously still faces some disadvantages and practical difficulties as a result of being in prison. That is especially true here given the relatively rapid development of the law related to the First Step Act and the substantial limitations on his access to legal resources during the ongoing COVID-19 pandemic. The Court is aware McKoy has had some issues with appointed counsel in the past, but the Court is still open to appointing counsel to assist McKoy if he wants the help. The Court will not appoint counsel unless McKoy makes such a request.

Based on the foregoing,

IT IS ORDERED:
1.   On or before April 30, 2021, the government shall file a supplemental brief in response to McKoy's motion for a sentence reduction. The government shall serve a copy of its brief by regular mail, postage prepaid, to McKoy at his address of record.
2.   McKoy shall file any response within thirty days of the date on which the government files its brief.

2

3.     Absent an extension or other request from the parties, McKoy's motion to reduce shall be deemed fully briefed and submitted as of the date McKoy's response is due.

Dated this 22nd day of April 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge